**UNITED STATES of America,
Plaintiff,**

v.

**Thomas L. WEST, Defendant.**

**No. CR. 02–519(RJL).**

United States District Court,
District of Columbia.

Sept. 12, 2003.

---

### *MEMORANDUM OPINION*

LEON, District Judge.

On June 2, 3003, the defendant was found guilty by a jury of one count of Unlawful Possession With the Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). Prior to trial, the government notified the defendant that, if convicted, it would seek enhanced penalties under section 841(b)(1)(A) based on his 1991 conviction for a misdemeanor drug offense in the state of Maryland, which had a possible punishment for a term of imprisonment greater than one year. The government again noted its position on enhancement in its Memorandum in Aid of Sentencing, which was ultimately adopted by the Probation Office in its Presentence Report. In both his Sentencing Memorandum and in his Objection to the Presen-

tence Investigation Report, the defendant argues that the use of a prior misdemeanor conviction as the basis for the enhancement would violate the U.S. Constitution, even though the range of punishment for the offense exceeded one years' imprisonment.

Upon due consideration of the pleadings filed and the arguments of counsel, and this Circuit's opinion in *United States v. Glover*, 153 F.3d 749, (1998), the Court finds that the use of defendant's previous Maryland conviction to enhance the defendant's sentence under section 841(b)(1)(A) is Constitutionally permissible.

## ANALYSIS

The defendant was convicted of unlawful possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), which carries a mandatory minimum sentence of ten years' imprisonment. Under 21 U.S.C. § 841(b)(1)(A), if the defendant has a prior conviction for a "felony drug offense", the mandatory minimum increases to twenty years' imprisonment. The Government contends that despite the fact that the defendant's 1991 conviction is classified as a misdemeanor under Maryland law it qualifies as a prior "felony drug offense" for the purposes of the enhancement statute because Congress in 1994 changed the definition of "felony drug offense" to "an offense that is punishable by imprisonment for more than one year under any law of the United States or a State or foreign county that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." 21 U.S.C. § 802(44).

The defendant raises two challenges to the Government's position.[1] First, the defendant argues that the imposition of the sentencing enhancement, under these circumstances, would violate the Ex Post Facto Clause of the Constitution because at the time of the Maryland conviction the federal statute defined a "felony drug offense" on the basis of whether the prior conviction was classified as a felony by the jurisdiction, not by the length of the potential sentence that could be imposed. 21 U.S.C. § 841(b)(1)(A) (1988). Because Maryland classified the crime as a misdemeanor, the conviction could not have served as a predicate for enhancement at the time the Maryland sentence was imposed and, therefore, allowing it to be used for that purpose now, violates the Ex Post Facto Clause. Second, he argues, in essence, that Congress' definition effectively reclassifies his Maryland conviction as a felony and is, therefore, an improper usurpation of state power in violation of the Tenth Amendment.

 The D.C. Circuit, in *United States v. Glover*, squarely rejected both arguments. As to the first, the D.C. Circuit held that relying upon a Maryland misdemeanor conviction prior to the 1994 change in the statutory definition of a "felony drug offense" was not a violation of the Ex Post Facto Clause because it was not increasing the penalty of the earlier offense, but stiffening the penalty of the most recent crime, "which is considered to be an aggravated offense because a repetitive one.'" *Glover*, 153 F.3d at 757 (quoting *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948)). As to the second argument, the D.C. Circuit, in a

---

**1.** The defendant cryptically alludes, without supporting authority, to the additional argument that this sentencing enhancement violates the Equal Protection Clause. The Court rejects the defendant's assertion because he is not a member of a suspect class, and, because Congress can rationally enhance a sentence due to recidivism, despite variance in how the individual states classify the prior offense.

footnote, tersely noted that it is within Congress' power to define a previous misdemeanor conviction as a "felony drug offense," for federal sentencing purposes, based on the length of the potential sentence as opposed to the classification chosen by the state legislature. *United States v. Glover*, 153 F.3d 749, 758 n. 6 (1998).

Accordingly, the Court holds that enhancing the defendant's sentence under section 841(b)(1)(A) based on his prior misdemeanor conviction in Maryland does not violate the Constitution.